UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO GENERAL INSURANCE
COMPANY, GEICO CASUALTY COMPANY
and GEICO INDEMNITY COMPANY,

        Plaintiffs,

v.                                                  Case No:  6:12-cv-1138-Orl-36DAB

KJ CHIROPRACTIC CENTER LLC,
WELLNESS PAIN & REHAB, INC., SADAT
SMITH, et al.,

        Defendants.

## ORDER

This cause comes before the Court on the Report and Recommendation ("Report and Recommendation") of Magistrate Judge David A. Baker, filed April 29, 2013 (Doc. 175). In the Report and Recommendation, Magistrate Judge Baker recommends that the Court: (1) deny without prejudice Defendant Sadat Smith's ("Defendant Smith") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 122); (2) deny without prejudice Defendant KJ Chiropractic Center, LLC's ("Defendant KJCC") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 123); (3) deny without prejudice Defendants Arthur Vito and Wellness Pain & Rehab, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 124); (4) deny without prejudice Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 157); (5) deny as moot Plaintiffs' Motion to Extend Time to Amend Pleadings, Disclose Experts, Comply with Discovery and File Dispositive Motions (Doc. 158); (6) grant in part Plaintiffs' Amended Motion to Extend Time to Amend Pleadings, Disclose Experts, Comply with Discovery and File Dispositive Motions (Doc.

159); (7) grant in part Plaintiffs' Revised Motion to Amend/Correct Complaint (Doc. 160); (8) deny as moot Plaintiffs' Motion to Stay Consideration of Motions to Dismiss Pending Filing of Amended Complaint (Doc. 164); (9) grant in part and deny in part Plaintiffs' Amended Motion to Stay Consideration of Motions to Dismiss Pending Filing of Amended Complaint (Doc. 165); and (10) grant in part Plaintiffs' Motion to Amend/Supplement Complaint (Doc. 170).[1] Defendant Orlene Joseph and Defendants Smith and KJCC filed separate Objections ("Objections") to the Report and Recommendation (Docs. 176, 177), to which Plaintiffs filed a single response ("Response") (Doc. 178). As such, this matter is ripe for review.

Defendants Joseph, Smith, and KJCC's sole objection to the Report and Recommendation is Magistrate Judge Baker's recommendation that Plaintiffs be granted leave to take the deposition of Defendant Esdras Pierre Louis ("Defendant Louis"). *See* Docs. 176, 177. Defendant Joseph argues that allowing Plaintiffs to depose Defendant Louis would run afoul of Federal Rule of Civil Procedure 26(b)(1), which permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense[.]" *See* Doc. 176, pp. 4–5. Defendant Joseph contends that, because Magistrate Judge Baker recommended granting Plaintiffs leave to file a Final Amended Complaint, there are no operative claims, and therefore, the deposition cannot possibly be relevant to any "claims" as required by Rule 26(b)(1). *See id.* Defendant Joseph also argues that Defendants will be severely prejudiced because they will not know what the operative allegations are and will not be prepared to question the deponent. *See id.* at 5–6. Defendants Smith and KJCC argue that Plaintiffs are merely circumventing Federal Rule of Civil

---

[1] Magistrate Judge Baker also entered an Order granting in part Defendants KJCC and Smith's Motion for Protective Order and to Stay Discovery (Doc. 172). *See* Doc. 175, p. 3. As such, that Motion has been resolved and is not addressed in this Order.

2

Procedure 9(b), which requires fraud claims to be pleaded with particularity, by using discovery to cure the deficiencies in their Amended Complaint. *See* Doc. 177, pp. 3–5.

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Bd. of Educ. of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

After reviewing the Objections, Plaintiffs' Response, and applicable law, the Court finds no reason to reject or modify Magistrate Judge Baker's recommendations. "[D]istrict courts [have] broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). "Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). The Court agrees with Magistrate Judge Baker that "the pleading stage of this litigation must come to an end so that the merits of the matter may be joined and resolved." Doc. 175, p. 4. Based on new information which has come to light from the testimony of Defendant Louis in another case, allowing Plaintiffs to depose him will move this case toward a truly *final* Amended Complaint.

Allowing Plaintiffs to depose Defendant Louis is not inconsistent with Rule 26(b)(1). Rather, as the Amended Complaint will remain in effect until the filing of the Final Amended Complaint, the evidence obtained in the deposition may have some bearing on the claims in this case.  In addition, contrary to their assertions, Defendants will not be severely prejudiced by the deposition.  As Defendants have notice of the allegations in the Amended Complaint, as well as the transcript of Defendant Louis' prior testimony (Docs. 170-27, 170-28), they will be able to adequately prepare for the deposition.  Finally, Defendants Smith and KJCC's reliance on Rule 9(b) is misplaced, as the Court has not taken any position on the Amended Complaint's compliance with this Rule.

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 175) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Defendant Sadat Smith's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 122) is **DENIED without prejudice**.

3. Defendant KJ Chiropractic Center, LLC's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 123) is **DENIED without prejudice**.

4. Defendants Arthur Vito and Wellness Pain & Rehab, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 124) is **DENIED without prejudice**.

5. Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 157) is **DENIED as moot**.

6. Plaintiffs' Motion to Extend Time to Amend Pleadings, Disclose Experts, Comply with Discovery and File Dispositive Motions (Doc. 158) is **DENIED as moot**.

7. Plaintiffs' Amended Motion to Extend Time to Amend Pleadings, Disclose Experts, Comply with Discovery and File Dispositive Motions (Doc. 159) is **GRANTED in part** as set forth in paragraph (11) below.

8. Plaintiffs' Revised Motion to Amend/Correct Complaint (Doc. 160) is **DENIED as moot**.

9. Plaintiffs' Motion to Stay Consideration of Motions to Dismiss Pending Filing of Amended Complaint (Doc. 164) is **DENIED as moot**.

10. Plaintiffs' Amended Motion to Stay Consideration of Motions to Dismiss Pending Filing of Amended Complaint (Doc. 165) is **GRANTED in part and DENIED in part** as set forth in paragraph (11) below.

11. Plaintiffs' Motion to Amend/Supplement Complaint (Doc. 170) is **GRANTED in part** as follows:

    a. Plaintiffs are granted leave to take the deposition of Defendant Esdras Pierre Louis within **FOURTEEN (14) DAYS** from the date of this Order.

    b. Plaintiffs are granted leave to file a Final Amended Complaint within **FOURTEEN (14) DAYS** from the date of the deposition of Defendant Louis.

    c. No additional discovery (aside from the deposition of Defendant Louis) shall be conducted until the Final Amended Complaint is filed. Once the

Final Amended Complaint is filed, the parties shall promptly confer and submit a new Case Management Report within **FOURTEEN (14) DAYS** from the date of filing of the Final Amended Complaint. The Court will thereafter issue a new Case Management and Scheduling Order.

d. To the extent the Final Amended Complaint purports to state a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, Plaintiffs shall file a RICO Case Statement which shall include the facts upon which Plaintiffs are relying to initiate any RICO claim they allege in the Final Amended Complaint as a result of the "reasonable inquiry" required by Rule 11 of the Federal Rules of Civil Procedure. The RICO Case Statement shall be in the form specified by, and shall state in detail and with specificity the information described in, the Report and Recommendation in paragraph III and sub-paragraphs (1) through (19) thereof.

e. Failure to comply with the instructions in this Order may result in the imposition of sanctions..

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge David A. Baker