# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY,
GEICO CASUALTY COMPANY, and
GEICO INDEMNITY COMPANY,

**Plaintiffs,**

-vs-                                                     Case No.  6:12-cv-1138-Orl-36DAB

KJ CHIROPRACTIC CENTER LLC,
WELLNESS PAIN & REHAB, INC.,
SADAT SMITH, et al.,

**Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**   **MOTION TO DISMISS COUNTERCLAIM (Doc. No. 263)**
>
> **FILED:**   **March 14, 2014**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

*Background*

On July 23, 2012, Plaintiffs (collectively "GEICO"), insurance companies, filed a Complaint

in eleven counts, including RICO[1] actions, claims for unfair and deceptive trade practices, conspiracy

claims, as well as similar causes of action (Doc. 1). The gravamen of that complaint, as stated by

Plaintiffs, was:

_____

[1]The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961, *et seq.*

> Beginning in 2009, and continuing to the present, the Defendants actively engaged in conspiracies to defraud the insurance carriers, [the GEICO Plaintiffs], by staging accidents, paying cash kickbacks and bribes to both Runners and patients, causing the mailing of numerous false medical bills and making false claims for medical expenses and services relative to reported automobile accidents.

(Doc. 1, p. 4).

On July 12, 2013, Plaintiffs filed their Second Amended Complaint (for ease of reference, herein "the operative Complaint") (Doc. 187) and accompanying Civil RICO Case Statement (Doc. 188). The pleadings detail what Plaintiffs allege is an insurance fraud ring involving chiropractic clinics, clinic operators, chiropractors, patients and accident organizers known as Runners (Doc. 187).

As detailed in the instant motion, on August 21, 2013, while various motion were being resolved, GEICO served Defendants, Jean Dorestant and Belle Management, LLC (herein "these Defendants") with the operative Complaint and RICO Case Statement.  Although a Notice of Appearance was filed by counsel on behalf of these Defendants (Doc. 203), no timely responsive pleadings were filed, and default was entered on September 27, 2013 (Doc. 226).

Weeks later, these Defendants moved to vacate the default (Doc. 227).  The motion was denied, without prejudice (Doc. 230). On or about December 6, 2013, these Defendants filed their Second Motion to Vacate Default, which presented a Draft Answer with affirmative defenses (Doc. 239).  Notably, the Draft Answer did not include a Counterclaim.  Upon consideration of the Defendants' motion to vacate (Doc. 239), Plaintiffs' response (Doc. 242), and operative law, the motion of these Defendants was granted, "conditioned on the payment of $5,000.00 dollars for costs incurred in Plaintiffs efforts in seeking default and responding to the motions." (Doc. 244).  These Defendants eventually paid the sanction, and filed an Answer, with included affirmative defenses, a Counterclaim brought by Jean Dorestant against GEICO, and a Third Party Complaint against the

State of Florida (Doc. 253).[2]  Plaintiffs now move to dismiss the Counterclaim for failure to state a cause of action.  Alternatively, Plaintiffs seek to strike portions of the Counterclaim.  These Defendants have filed a response (Doc. 273).  For the reasons that follow, it is **respectfully recommended** that the motion be **granted** and the Counterclaim be **dismissed.**

*Legal Standard*

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A reviewing court generally accepts the complaint's allegations as true and construes them in the light most favorable to the plaintiff, "[b]ut if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

To withstand a motion to dismiss, the complaint must contain factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere

---

[2]The District Court adopted the recommendation of the undersigned to strike the Third Party Complaint, without prejudice (Doc. 308).

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,*

550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. "Nor does a complaint suffice if it tenders

'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 557).

*The Allegations of the Counterclaim*

The Counterclaim is brought by Jean Dorestant and alleges that he is the owner of Belle

Avenue Management, LLC, and performed management and billing services for KJ Chiropractic, a

chiropractic facility that provided medical treatment to patients, including GEICO's policyholders.

(Doc. 253, ¶ 4).  The Counterclaim asserts that GEICO perpetrated "multiple schemes to defraud"

through "victimization of policyholders and others," including Dorestant. *Id.* ¶6.  Dorestant alleges

a "general scheme to defraud by refusing to pay claims based upon manufactured, fraudulent bases

for denial;" and "conduct of discriminatory claims handling by implementing more stringent

requirements for processing or payment of claims to certain medical facilities that GEICO has targeted

for destruction." *Id.* ¶7.  Dorestant complains of "illegal policies" used in adjusting claims of clinics

"where [he] was employed."  *Id.* ¶11.  Further: "As a direct result of GEICO's illegitimate efforts,

JEAN DORESTANT was unable to continue with his employments with medical facilities in which

he had a business relationship." *Id.*¶12.

The Counterclaim alleges that "GEICO's agents made false statements and maliciously

slandered JEAN DORESTANT by alleging that he was engaged in the commission of staged

accidents, had paid patients to seek medical treatment, falsified medical bills and records, solicited

patients to seek treatment when they had not sustained any injuries in covered motor vehicle accident

and secretly "owned" the medical facilities where the patients were seeking medical care." *Id.*¶ 15.

The pleading includes one count for defamation, alleging that GEICO defamed and slandered

Dorestant and Dorestant "has suffered actual damages and special harm including monetary losses caused by GEICO's defamations." *Id.*¶ 29.

*Analysis*

In a claim based on diversity jurisdiction, the Court looks to state law. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). Although the Counterclaim asserts many conclusory allegations of wrongdoing, Dorestant pleads only one count; asserting that GEICO "orally and in writing" defamed him.

According to the Florida Supreme Court: "Defamation has the following five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews for Jesus, Inc. v. Rapp,* 997 So. 2d 1098, 1106 (Fla. 2008). Under Florida law, a publication is libelous *per se*, or actionable *per se*, "if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Richard v. Gray*, 62 So.2d 597, 598 (Fla.1953) (en banc) (citations omitted).  Thus, as Judge Kovachevich recently summarized:

> To successfully assert a claim for defamation under Florida law, a plaintiff must establish five elements: (1) the defendant published the statement; (2) the statement was false; (3) the statement was defamatory; (4) the defendant acted negligently; and (5) the plaintiff suffered damages as a result of defendant's publication. *Brown v. Suncoast Beverage Sales, LLP*, 2010 WL 555675, at *2 (M.D. Fla. Feb.10, 2010). "Under Florida law, words are defamatory when they charge a person with an infamous crime, or tend to subject one to hatred, distrust, ridicule, contempt or disgrace or tend to injure one in one's business or profession." *Seropian v. Forman*, 652 So.2d 490, 495 (Fla. 4th DCA 1995) (*citing Adams v. News–Journal Corp.*, 84 So.2d 549, 551 (Fla.1955)).

*Suarez v. School Bd. of Hillsborough County, Fla.*,  No. 8:13–cv–01238–EAK–MAP, 2014 WL 1946536, *2  (M.D. Fla. May 14, 2014).

In pleading a defamation/slander case, "a plaintiff 'must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.'" *Morrison v. Morgan Stanley Props.*, No. 06–80751, 2008 WL 1771871, at *10 (S.D. Fla. Apr.15, 2008) (quoting *Fowler v. Taco Viva, Inc.*, 646 F.Supp. 152, 157–58 (S.D. Fla.1986); *see also Brehm v. Seminole Towne Center Ltd Partnership,* 6:11-CV-965-28GJK, 2012 WL 405415, *9  (M.D. Fla. Jan. 12, 2012), *adopted by* 2012 WL 405387 (M.D. Fla. Feb 09, 2012) ("When asserting a defamation claim, the plaintiff must allege the identity of the person who published the false statement and the time frame in which the publication occurred.") Moreover, "to state a viable claim against a corporation for defamation based upon a statement made by one of its employees, a plaintiff must also show that the employee was acting at the time within the scope of his or her employment and used the alleged defamatory statements in the actual performance of his or her duties touching the matter in question." *Bell v. Novartis Pharmaceuticals Corp.*, No. 8:08-cv-30-T-17-EAJ, 2008 WL 2694893, *4 (M.D. Fla. July 3, 2008) (dismissing defamation claim, without prejudice, where Plaintiff failed to disclose the identities of Defendant's employee that made the alleged defamatory statement and the pharmaceutical representative alleged to have heard the statement; and Plaintiff failed to identify the time frame in which the representative made the alleged defamatory statement and how the statement was made in connection with his or her performance or job duties).

Applied here, even construed liberally, Dorestant has not met the pleading standard in that he has not adequately identified the statements sued upon and the circumstances surrounding their publication. While the Court agrees with Dorestant that publication of false statements that a person

committed fraud or illegal acts could be defamatory, this does not mean that all such statements are

actionable.  The Florida Supreme Court has noted:

> Traditionally, defamatory statements made in the course of judicial proceedings are
> absolutely privileged, no matter how false or malicious the statements may be, so long
> as the statements are relevant to the subject of inquiry.  *Fridovich v. Fridovich*, 598
> So.2d 65 (Fla.1992). Consequently, the torts of perjury, libel, slander, defamation, and
> similar proceedings that are based on statements made in connection with a judicial
> proceeding are not actionable. *Wright v. Yurko*, 446 So.2d 1162 (Fla. 5th DCA 1984).
> The immunity afforded to statements made during the course of a judicial proceeding
> extends not only to the parties in a proceeding but to judges, witnesses, and counsel
> as well. *Fridovich*; *Cox v. Klein*, 546 So.2d 120 (Fla. 1st DCA 1989); *Wright.*

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.,*  639 So.2d 606,

607-608 (Fla.1994).  While it is true that immunity is generally raised as an affirmative defense,

"[t]here may, however, be exceptional cases in which the facts giving application to the defense are

clearly apparent on the face of the complaint, in which case the defense may be raised by motion to

dismiss." *Fariello v. Gavin*, 873 So.2d 1243, 1245 (Fla. 5th DCA 2004).

Here, Dorestant avers that GEICO's agents made false statements "*by alleging* that he was

engaged in the commission of staged accidents, had paid patients to seek medical treatment, falsified

medical bills and records, solicited patients to seek treatment when they had not sustained any injuries

in covered motor vehicle accident and secretly "owned" the medical facilities where the patients were

seeking medical care." (Doc. 253, pp. 48-49, ¶15; see also ¶16, regarding GEICO's "allegations and

statements").  To the extent the use of the word "allegations" refers to the allegations of the operative

Complaint, the immunity defense is apparent on the face of the Counterclaim and the statements are

not actionable.  To the extent Dorestant is referring to other statements, the pleading must be amended

to provide the identity of the speaker(s) and a more adequate description, in order to comply with

*Twombly*.

*Conclusion*

For the reasons set forth above, it is **respectfully recommended** that the motion to dismiss be **granted and the Counterclaim be dismissed, without prejudice to amend,** consistent with the foregoing.  In view of this recommendation, the alternative motion to strike certain allegations in the Counterclaim is moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy