**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GOVERNMENT EMPLOYEES**
**INSURANCE COMPANY, GEICO**
**GENERAL INSURANCE COMPANY,**
**GEICO CASUALTY COMPANY, and**
**GEICO INDEMNITY COMPANY,**

      **Plaintiffs,**

-vs-                Case No.  6:12-cv-1138-Orl-40DAB

**KJ CHIROPRACTIC CENTER LLC,**
**WELLNESS PAIN & REHAB, INC.,**
**SADAT SMITH, et al.,**

      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  This cause came on for consideration on the following motions filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AGAINST ROBERT THELUSMA (Doc. No. 324)**
>
> **FILED:** June 24, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

> **MOTION:** **SUPPLEMENTAL MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ROBERT THELUSMA (Doc. No. 393)**
>
> **FILED:** September 17, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

  Plaintiffs filed the initial motion seeking entry of default judgment against Defendant Robert Thelusma for failing to cooperate in discovery, despite an Order compelling him to do so. *See* Doc.

310. The District Judge found Thelusma had failed to comply with the Court's Order compelling discovery and directed him to show cause why Plaintiffs' motion for entry of default should not be granted (Doc. 333). The Court held a joint hearing (Doc. 345), and Thelusma attended and expressed a willingness to defend *pro se*. The Court therefore deferred ruling on the merits of the motion, on the following terms:

> Mr. Thelusma is ORDERED to provide formal answers to Interrogatories and the Request to Produce Documents (and to produce the requested documents) by July 28, 2014. Mr. Thelusma is further directed to attend his deposition. Upon completion of the foregoing, Plaintiffs' counsel is directed to file a supplement to the Motion for Default Judgment, stating whether Mr. Thelusma has complied with his discovery obligations and this Order. If Mr. Thelusma disagrees with the supplement, he shall have seven days from the date of filing of the supplement in which to file a response. The Court will then determine the merits of the motion, as supplemented.

(Doc. 346).

Plaintiffs aver in the Supplemental motion that Defendant has still not complied with his discovery obligations and has not replied to counsel's attempts to contact him. Further, no response to the Supplemental motion has been filed and the time for doing so has passed. Thus, Mr. Thelusma has not provided the requested discovery, has failed to comply with two court orders, has refused to communicate with counsel, and has failed to respond to the Supplemental motion seeking his default.

In prior Order, the Court advised this Defendant that failure to comply may result in sanctions, including the striking of pleadings and entry of a default (Doc. 346). While the entry of default as sanction is to be applied only as a last resort, the facts here indicate that this Defendant, with full knowledge of the consequences, has abandoned his defense, to the extent one was asserted.[1] It is therefore **respectfully recommended** that the Court direct the Clerk to enter a default against Defendant Thelusma.

---

[1] Thelusma was represented by counsel who withdrew after filing a motion to dismiss. Upon denial of the motion (Doc. 260), Defendant should have filed an Answer. As he has not filed an Answer to the operative complaint, there is no pleading to strike.

While Plaintiffs seek entry of a default judgment, the Court declines to recommend that one be entered at this juncture. In cases involving more than one defendant, it has been held that a judgment should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). Moreover, if the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554. In this circuit, it is "sound policy" that even "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir.1984) (citing Wright & Miller, Federal Practice and Procedure, § 2690, 6 Moore, Federal Practice, ¶ 55.06). *Cf. Drill South, Inc. v. Int'l Fidelity Ins. Co.*, 234 F.3d 1232, 1237 n. 8 (11th Cir. 2000) (citation omitted) (noting that "*Frow* has been interpreted to apply only where there is a risk of inconsistent adjudications." ).

This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments. *See e.g., Centimark Corp. v. A to Z Coating & Sons, Inc.,* No. 6:05-CV-136-ORL-DAB, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed,* 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, No. 6:07-cv-1507-Orl-28GJK, 2008 WL 2730997, *1 (M.D. Fla. July 11, 2008) (slip opinion-declining to enter default judgment against some defendants where other claims remained against other defendants, noting: "the risk of inconsistent

judgments"); *Politano v. Ott*, No. 6:07-cv-958-Orl-18DAB, 2008 WL 4104137 (M.D. Fla. Aug. 6, 2008). The claims made here (such as the conspiracy counts) are intertwined, and other defendants have appeared and are vigorously contesting those claims. As such, the risk of inconsistent adjudications is present.

Moreover, Plaintiffs have failed to establish the amount or other terms of the requested default judgment. Absent a compelling reason to grant a judgment under these circumstances, the Court cannot recommend it. *See* Rule 54(b), Fed.R.Civ.P. (noting that the Court may enter final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay.").

It is therefore **respectfully recommended** that the motions be **granted, to the extent that they seek entry of a default against Robert Thelusma**, but **denied, to the extent they seek entry of judgment against this defendant, at this time.** If this recommendation is adopted, the Court should direct the Clerk to enter a default against Defendant Thelusma.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 2, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy